Spalding, J.
At a term of the supreme court held in the county of Allen, on the twenty-sixth day of June, A. D. 1850, a rule was taken on the defendants to appear at the July term of the supreme court in and for the county of Putnam, and show . cause why a peremptory mandamus should not issue, requiring them to levy a tax for the payment of a certain judgment obtained by the said Tillson, *416 against the county of Putnam, in the court of common pleas of said county, at the April term, A. D. 1850.
At the July term of the supreme court for Putnam county, A. D. 1850, the defendants appeared and placed on file their reasons for declining to levy a tax, etc.
They say, in substance, that by the provisions of the act to erect the county of Auglaize, passed February 14th, 1848, it was made the duty of the county of Allen to pay to the county of Putnam, such a sum, annually, in proportion to the whole amount, of said claim, as the value of the taxable lands taken from Putnam and attached to the county of Allen, bears to the taxable lands remaining in the county of Putnam, which amount, thus to be paid to the county of Putnam by the county of Allen, is two thousand two hundred and sixty-one dollars and fifty-seven cents; and the county commissioners have at all times been ready and willing, and still are ready and willing, to pay the plaintiff the' proportion of said claim, which the said county of Putnam of right ought to pay, etc. Other reasons are assigned, but it is unnecessary to notice them further.
It is the opinion of this court, that the rule in this case was improvidently granted on the circuit.
The old practice was to apply, in the first instance, for a rule on the defendant to show cause why a mandamus should not issue, but since the passage of the act of March 9, 1835, entitled “ an act to amend the act entitled an act to regulate, the practice of the judicial courts,” a different course has been pursued. The tenth section of this act provides “ that whenever any writ of mandamus shall be issued out of the supreme court, the person, body, or tribunal to whom the same shall be directed and delivered, shall make return to the first writ of mandamus, and for neglect so to do, shall be proceeded against as for a contempt.
Under-this law the first step to be taken is, to make appli cation to the court for an alternative mandamus, when the party complained against will either perform the duty sought to be enforced, or show cause to the contrary.
J. S. Conklin, for relator.
Metcalf and McKenzie, for defendants.
If the reasons assigned for non-performance be insufficient, the writ will be made peremptory.
If, however, the case be regarded as properly before the court, the result will be the same..
The power of this court, in a proper case, to compel by man damus the commissioners of a county to perform their duty, is not to be questioned.
“ The object of the remedy by mandamus,” says Wright, Judge, in 6 Hammond 447, “is to compel public officers and private individuals, in matters relating to the public, to perform their public duties.”
This power is not, however, to be called into action on every trivial occasion.
In the case under consideration, it would seem, although we have no evidence of the fact before us, that the relator recovered a judgment against the county of Putnam, at the April term of the court, A. D. 1850. Eor what amount we are not informed. But we have reason to believe, from the answer of the commissioners, that a share of the burthen, whatever it may be, should rest upon the county of Allen, and that they are disposed to perform their duty in good faith and with reasonable diligence. At all events, the judgment has not been in existence a sufficient length of time to satisfy our minds, in the absence of other proof, that the commissioners of Putnam eoun - ty have any desire to withhold payment unreasonably and improperly.

The peremptory mandamus is refused.